
FILED
August 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002860320

3

**FRED W. KAISER**
Attorney at Law
State Bar No. 084158
865 University Avenue
Sacramento, CA 95825
Telephone (916) 924-7500
Facsimile (916) 924-0883

Attorney for Movant, Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re

**ANDRIKA A. WIKKELING,**

    Debtor.

Case Number: **10-41535-E-13L**

D.C. No. FWK-001

**MOTION OF WELLS FARGO FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Date: August 31, 2010
Time: 1:00 p.m.
Dept: E, Courtroom 33
Place: 501 I Street, 6th Floor, Sacramento, CA, Before the Honorable Ronald H. Sargis

    Wells Fargo Bank, N.A., ("Movant"), hereby moves the court for an order granting relief from the automatic stay to proceed with its state court unlawful detainer proceeding and for other relief, as follows:

    1.    The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. Section 362 and 28 U.S.C. Sections 1334 and 157.

    2.    Debtor, Andrika A. Wikkeling ("Debtor") is the debtor in the within Chapter 13 proceeding. Lawrence J. Loheit is the trustee in the bankruptcy with respect to the within Chapter 13 proceeding. Movant is, and has been at all times herein mentioned, the owner of the real property described in this motion.

3. Debtor filed an original petition under Chapter 13 of the Bankruptcy Act (Title U.S.C.) on August 13, 2010. Pursuant to the provisions of 11 U.S.C. Section 362(a), the filing of the debtor's petition operated as an automatic stay against Movant's rights to proceed against debtor. As of this date, the debtor continues in possession of Movant's property. This is Debtor's second bankruptcy filing. Specifically, on July 6, 2010, Debtor filed a chapter 13 proceeding, Case No. 10-37668-B-13J. Debtor failed to file documents and the case was dismissed on July 26, 2010.

4. Prior to the filing of debtor's petition, Movant commenced proceedings to recover possession of the subject property commonly known as 5212 North Avenue, Carmichael, California, and filed an unlawful detainer complaint on May 25, 2010, with the Sacramento Superior Court, Case No. 10UD04654, entitled *Wells Fargo Bank vs. Andrika Wikkeling, et al.* (Exhibit A).

5. Debtor was served with the summons and complaint and filed her response (answer) on or about May 28, 2010. Law and motion proceedings were pending within the state court action[1] but were stayed as a result of the first chapter 13 petition. Movant filed a motion for relief from stay within the first petition, but the matter was not heard as a result of the dismissal filed July 26, 2010. Thereafter, Movant requested that the state court proceeding be set for trial, and the court scheduled trial to commence August 16, 2010. Debtor's son appeared at the scheduled trial and presented a copy of Debtor's most recent chapter 13 petition.

6. Debtor is a former owner in possession following a non-judicial foreclosure and trustee's sale. Debtor has no ownership interest in the subject property since Movant conducted its trustee's sale on April 28, 2010 (the trustee's deed is attached as an exhibit to

---

[1] Movant/Plaintiff had filed a motion to strike portions of defendant/debtor's answer to complaint. The hearing was scheduled for July 6, 2010, at 2:30 p.m. but was postponed when debtor's "representative" (son), Fred Wikkeling, appeared and presented the bankruptcy petition of Andrika Wikkeling filed earlier that day. This scenario repeated itself on the day of trial when Mr. Wikkeling, and not the defendant, appeared at trial and presented the current chapter 13 petition.

2

the verified complaint for unlawful detainer, Exhibit A).

7. Continuation of the automatic stay of 11 U.S.C. Section 362(a) will work real and irreparable harm to Movant and will deprive Movant of the use of its property. Debtor is using her sequential chapter 13 filings within the bankruptcy system to manipulate and delay the state court proceedings.

8. Movant wishes to proceed with its state court rights to recover possession of the subject real property but is prevented therefrom by virtue of the automatic stay of lien enforcement issued by the within court on or about August 13, 2010, with respect to the subject real property.

9. Time is of the essence in that debtor retains no ownership rights to the subject property.

WHEREFORE, Wells Fargo Bank, N.A., moves this court for an order granting relief from the automatic stay and requests a waiver of the stay provided by Bankruptcy Rule 4001(a)(3), to permit Wells Fargo to proceed with its state court rights and remedies to obtain possession of the real property and for such other and further relief as is just and proper.

Dated: August 17, 2010 /s/ Fred W. Kaiser

**FRED W. KAISER**
Attorney for Secured Creditor, Wells Fargo Bank, N.A.